(No. 87-CC-0178– )

ROBERT MURZYN, as Special Administrator of the Estate of DAVID A. MURZYN, Deceased, and ROBERT MURZYN and BEVERLY MURZYN, Individually, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 24, 1992.*

PIERCE & MEYER, for Claimant.

ROLAND W. BURRIS, Attorney General (JANICE SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

OPINION

BURKE, J.

Hearing on the above-entitled claim was held on October 22, 1991. Pierce & Meyer, by James F. Carlson, appeared on behalf of the Claimants herein. Roland Burris, Attorney General of the State of Illinois, by Janice Schaffrick, appeared on behalf of the Respondent, State of Illinois.

On June 5, 1985, David A. Murzyn, the decedent, was operating his automobile in a northerly direction on and along Illinois Highway Route 394 at a point approximately 15 miles north of Joe Orr Road overpass, in Sauk Village, Illinois. Riding in said automobile as a passenger was John D. Gariffa.

Mr. Gariffa testified that the car was proceeding northbound in the inner lane, the lane nearest the median strip, at a speed of approximately 65 m.p.h. He stated that the roadway seemed bumpy, and that the right front wheel of the automobile struck a pothole. As a result, the right front tire blew out, and the car veered to the right and the driver brought it back to the left and it entered the median strip where it rolled completely over and relanded upright on its wheels on the southbound roadway of Route 394. He described the pothole as 10 to 12 inches in diameter and four to six inches deep.

As a result of the above, Robert Murzyn was thrown from the vehicle. He was taken by paramedics to St. James Hospital in Chicago, where he was pronounced

dead. An autopsy was performed on his body and the cause of his death was the result of multiple and extreme injuries to his head, neck and body.

Sergeant Paul Smith of the Illinois State Police testified that he arrived at the scene of the accident shortly after the occurrence. The injured parties were still on the ground and he assisted the paramedics. He made his investigations. He stated that the right front and right rear tires of the vehicle involved were flat. He examined the right front tire and it appeared to be "smooth and worn." He sent for an accident expert and Peter Chico appeared on the scene. Together they examined the roadway where the skid marks began and found no potholes in the road. In his opinion the road was in good condition.

Peter Chico, the accident reconstruction expert, testified that there were on the road "yaw" marks, and that a "yaw" mark is a tire mark left on the pavement as the result of a vehicle rolling and slipping at the same time. He calculated from his computations that the vehicle was traveling at 64 m.p.h. He stated that on the day after the accident, he examined the roadway and saw no potholes.

James Cannon, an employee of the Illinois Department of Transportation, stated that he is the head of the Calumet maintenance yard which encompasses the area where the accident occurred. He and two co-workers walked over the area of the accident. They found no potholes or anything requiring their attention or service by his department. He identified certain photographs of the roadway in question taken by him and testified that the photographs show no evidence of potholes.

The evidence deposition of Michael Kirk, a witness to the accident, was introduced into evidence by agreement. He testified he saw the vehicle involved in the accident

approaching from his rear so he moved from the left or inner lane to the right lane. When the vehicle passed him it was going 65 m.p.h., when it was about 20 feet ahead of him and to his left, he heard a loud bang, and the vehicle veered to the left and then to the right and then to the left again when it entered the median strip. It rolled over, ending up on its wheels in a diagonal position on the southbound lane of Highway 394.

Claimants have failed to sustain their burden of proof. The concrete highway where the accident occurred was in good condition and no potholes were present. The evidence clearly indicates that the decedent lost control of his vehicle causing it to enter the median and roll over.

Wherefore, it is hereby ordered that this claim be denied.